IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JACOB RICH | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv584 |
| GALVAN GABINO | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Plaintiff Jacob Rich, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rich complained about a use of force occurring on April 5, 2014. The sole named Defendant, Galvan Gabino, filed a motion for partial summary judgment as to any claims raised by Rich for assault and battery under Texas state law as well as claims brought against Gabino in his official capacity.

After review of the pleadings, the magistrate judge issued a Report recommending that the motion for partial summary judgment be granted. The magistrate judge observed that Rich filed his complaint on a §1983 lawsuit form, presumably under the Eighth Amendment, and did not invoke pendent jurisdiction. The Eleventh Amendment bars any claims for monetary damages from Gabino in his official capacity. The magistrate judge stated that the dismissal of such claims would not affect Rich's claim against Gabino in his individual capacity.

In his objections, Rich clarifies that he is suing Gabino in his individual capacity for violating his rights under the Eighth Amendment. He contends that Gabino is not entitled to Eleventh Amendment immunity because Gabino did not act in good faith and objects to the Defendant moving for summary judgment because there are disputed issues of material fact. He asks that the Court "waive immunity to the defendant" because he is suing Gabino in his individual capacity.

Eleventh Amendment immunity applies to official-capacity lawsuits, not individual-capacity ones. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). The magistrate judge correctly determined that any claims by Rich for monetary damages against Gabino in his official capacity, but not his individual capacity, would be barred by the Eleventh Amendment. The element of good faith is not applicable to Eleventh Amendment immunity. Rich has not shown that disputed issues of fact exist with respect to the question of whether claims against Gabino in his official capacity would be barred by the Eleventh Amendment. His objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 29) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant's motion for partial summary judgment (docket no. 15) is **GRANTED** and any claims raised by the Plaintiff under state law or for monetary damages against the Defendant in his official capacity are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the dismissal of such claims shall have no effect upon the Eighth Amendment claims by the Plaintiff Jacob Rich against the Defendant Galvan Gabino in his individual capacity.

**SIGNED this 23rd day of September, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE